**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Marcus Hinton, et al., | No. CV-26-00152-TUC-SHR |
| Plaintiffs, | **SCREENING ORDER** |
| v. |  |
| County of Cochise, et al., |  |
| Defendants. |  |

On March 20, 2026, Plaintiffs Marcus and Vanessa Hinton filed a pro se Complaint against Defendants Cochise County, Cochise County Sheriff Mark Dannels, City of Benson, City of Willcox, Cochise County Animal Control, Curtis L. Watkins, Robert Watkins, Tal Parker, Shawn Dugan, John Gjerde, Nathaniel Bronstein, Marcus A. Gerow, Anthony Mock-Icenhow, Robert Randall, and Curtis Wilkins. (Doc. 1.) Plaintiffs also filed Applications for Leave to Proceed in Forma Pauperis (IFP) (Docs. 10, 11) and a Motion for Preliminary Injunction (Doc. 2). For the following reasons, the Court will grant Plaintiffs IFP status, dismiss their Complaint with leave to amend, and deny their Motion for Preliminary Injunction as moot.

## I.     IFP APPLICATION

A party who files an action in federal district court must generally pay a filing fee. 28 U.S.C. § 1914(a). Indigent plaintiffs, however, may apply for a fee waiver. 28 U.S.C. § 1915. A court must determine whether the litigant is unable to pay the filing fee before

granting leave to proceed IFP. *See* § 1915(a)(1). The Court may grant IFP status if the supporting affidavit shows the party cannot, because of his poverty, pay or give security for fees and "still be able to provide himself and [his] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

Plaintiffs have submitted IFP applications stating under penalty of perjury they are financially unable to pay the filing fee. (Docs. 5, 10, 11.) The Court finds Plaintiffs' statements of income, assets, and expenses reflects their inability to pay. Therefore, the Court will grant Plaintiffs' applications for IFP status.

## II. STATUTORY SCREENING

The Court has a statutory obligation to screen a pro se IFP complaint before it may be served. § 1915(e)(2). The Court must dismiss such a complaint or a portion thereof if a plaintiff raises legally frivolous or malicious claims, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (noting § 1915(e) "applies to all in forma pauperis complaints," not just those filed by prisoners).

Rule 8 requires every complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when a complaint lacks a cognizable legal theory or fails to allege facts

sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint setting forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). This rule does not apply to legal conclusions. *Ashcroft*, 556 U.S. at 678.

### III.    DISCUSSION

In their Complaint, Plaintiffs assert they "bring this action under 42 U.S.C. § 1983 to remedy violations of their constitutional rights, including denial of access to the courts and deprivation of due process." (Doc. 1 at 2.) Plaintiffs allege Defendants "possess materials including body camera footage, reports, communications, and property records" "central to Plaintiffs' claims," and, despite formal requests, Defendants have "failed to produce records or provide lawful justification" for withholding such materials. (*Id.* at 3–4.) Plaintiffs seek declaratory, injunctive, and monetary relief. (*Id.* at 1.)

Plaintiff's Complaint falls short of satisfying Rule 8's requirements. Despite naming over fifteen Defendants, Plaintiff's Complaint fails to include allegations about what each named Defendant did or did not do. *See* 42 U.S.C. § 1983 (creating liability only for those who "subject" another to a constitutional violation); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (noting the word "subject" means to "do[] an affirmative act, participate[] in another's affirmative acts, or omit[] to perform an act which he is legally required to do"). Nor does the Complaint indicate the dates on which the alleged violations occurred. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (explaining, for § 1983 claims,

- 3 -

federal courts apply the statute of limitations applicable to state law personal injury claims in the state where the cause of action arose); *De Luna v. Farris*, 841 F.2d 312, 313 (9th Cir. 1988) (acknowledging Arizona's two-year statute of limitations for filing personal injury claims). Because Plaintiffs fail to clearly identify the factual bases for their claims, the Court is unable to determine whether Plaintiffs' claims are legally viable. Plaintiffs' Complaint simply fails to clearly allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (citation and internal quotation marks omitted).

## IV.    LEAVE TO AMEND

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation omitted). If the Court determines a pleading could be cured by alleging additional facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127–29; *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (stating the court will give a plaintiff the opportunity cure the complaint's deficiencies by amendment unless it is "absolutely clear" the plaintiff could not do so).

In this case, the Complaint's primary defects are its vagueness and lack of factual content. Because it is not absolutely clear Plaintiffs could not cure the Complaint's deficiencies by amendment, the Court will give them the opportunity to do so. *See Jackson*, 749 F.3d at 767; *see also Lopez*, 203 F.3d at 1130 (holding a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint (quoting *Balistreri*, 901 F.2d at 701)). The Court will dismiss the complaint and grant Plaintiffs leave to file a first amended complaint within thirty (30) days from the date of entry of this Order. *See* Fed. R. Civ. P. 15(a)(2) (stating leave to amend should be "freely" given "when justice so requires").

If Plaintiffs choose to file an amended complaint, they should explain their case in

a short and plain manner, with each cause of action accompanied by facts to satisfy the elements of the claims brought. *See* Fed. R. Civ. P. 8. Plaintiffs' allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). As this is a civil rights case, Plaintiffs' short, plain statements must tell the Court (1) the right they believe was violated, (2) the name of the Defendant who violated that right, (3) exactly what that Defendant did or failed to do, (4) how that Defendant's action or inaction is connected to the violation of their rights, and (5) what specific injury they suffered because of that Defendant's action or inaction. It is not proper to refer to all Defendants generally. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. As such, the first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference. Plaintiffs must clearly designate on the face of the document that it is the "First Amended Complaint." In the event Plaintiffs fail to timely file an amended complaint curing all deficiencies described above, Plaintiffs are advised this case may be dismissed pursuant to 28 U.S.C. § 1915(e) or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8).

V.    WARNINGS

A. Address Changes

Plaintiffs must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiffs must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal

of this action.

**B. Possible Dismissal**

If Plaintiffs fail to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (noting a district court may dismiss an action for failure to comply with any order of the Court).

**VI.   CONCLUSION**

**IT IS ORDERED** Plaintiffs' IFP Applications (Docs. 10, 11) are **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiffs' Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**. Plaintiffs may file a first amended complaint within **thirty (30) days** of the date this Order is filed. If Plaintiffs fail to file a first amended complaint within 30 days, the Clerk of Court must, without further order of the Court, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

**IT IS FURTHER ORDERED** Plaintiffs' Motion for Preliminary Injunction (Doc. 2) is **DENIED AS MOOT**.

Dated this 6th day of May, 2026.

Honorable Scott H. Rash
United States District Judge