WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Marcus Hinton, et al.,

Plaintiffs,

v.

County of Cochise, et al.,

Defendants.

No. CV-26-00152-TUC-SHR

**SCREENING ORDER**

In March 2026, pro se Plaintiffs Marcus and Vanessa Hinton filed a Complaint against Defendants Cochise County, Cochise County Sheriff's Department, City of Benson, City of Wilcox, Cochise County Animal Control, Mark Dannels, Curtis L. Watkins, Robert Watkins, Tal Parker, Shawn Dugan, John Gjerde, Nathaniel Bronstein, Marcus A. Gerow, Anthony Mock-Icenhow, Robert Randall, and Curtis Wilkins under 42 U.S.C. § 1983. (Doc. 1.) They each filed an Application for Leave to Proceed in Forma Pauperis (IFP). (Docs. 10, 11.) In May, the Court granted Plaintiffs' IFP applications and dismissed their Complaint with leave to amend. (Doc. 15.) Plaintiffs subsequently filed a First Amended Complaint. (Doc. 16.) For the following reasons, the Court will dismiss Plaintiffs' First Amended Complaint with leave to amend.

## I. STATUTORY SCREENING

The Court has a statutory obligation to screen a pro se IFP complaint before it may be served. § 1915(e)(2). The Court must dismiss such a complaint or a portion thereof if

a plaintiff raises legally frivolous or malicious claims, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (noting § 1915(e) "applies to all in forma pauperis complaints," not just those filed by prisoners).

Rule 8 requires every complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when a complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint setting forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). This rule does not apply to legal conclusions. *Ashcroft*, 556 U.S. at 678.

## II. DISCUSSION

In their First Amended Complaint, Plaintiffs state they "bring this action under 42 U.S.C. § 1983 for denial of meaningful access to the courts" in violation of their First and Fourteenth Amendment rights and "under Arizona Public Records Law, A.R.S. §§ 39-121 through 39-121.03." (Doc. 16 at 1–2.) Plaintiffs allege Defendants "created and maintained body-worn-camera recordings, dispatch records, investigative reports, photographs, communications, property-related records, and other documents" related to events following a 2021 fire at their residence and, despite formal requests, Defendants have failed to produce the records or provide lawful justification for withholding them. (*Id.*) In doing so, Plaintiffs allege Defendants have "impaired their ability to investigate and pursue" unidentified claims. (*Id.* at 15.)

"The right of access to the courts is a fundamental right guaranteed by the Constitution." *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998). The purpose of an access claim "is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" or from the loss of a meritorious suit that cannot now be tried. *Id.* at 412–15. To sufficiently allege either type of claim, a plaintiff must identify and describe in his complaint "a nonfrivolous, arguable underlying claim." *Id.* at 414–15 (stating the right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). The complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued," and must describe the underlying cause of action "well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416, 417–18 (stating the underlying cause of action "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Here, although Plaintiffs appear to allege their underlying claims are related to

removal of personal property from their residence following the fire, these allegations are insufficient to identify an underlying claim and to show any such claim is nonfrivolous and arguable. Moreover, Plaintiffs have not shown how the alleged withholding of documentation prevents them from pursuing such claim. *See Lewis v. Casey*, 518 U.S. 343, 353 (1996) (holding plaintiff claiming violation of right of access to courts must demonstrate "the alleged shortcomings . . . hindered his efforts to pursue a legal claim"); *Swekel v. City of River Rouge*, 119 F.3d 1259, 1263 (6th Cir. 1997) (stating whether a plaintiff has sufficient facts to file suit is key element of determining whether a plaintiff has plead a cognizable denial of access claim); *Thompson v. Boggs*, 33 F.3d 847, 852–853 (7th Cir. 1994), *cert. denied*, 514 U.S. 1063 (1995) (holding defendants' actions did not amount to violation of right to access courts because plaintiff had sufficient facts to promptly file suit); *see also* Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). As such, Plaintiffs fail to state a cognizable claim for denial of access. Because the Court will dismiss Plaintiffs' claim for denial of access to the courts, the Court will dismiss Plaintiffs' state-law claim for lack of supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

## III. LEAVE TO AMEND

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation omitted). If the Court determines a pleading could be cured by alleging additional facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127–29; *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (stating the court will give a plaintiff the opportunity cure the complaint's deficiencies by amendment unless it is "absolutely clear" the plaintiff could not do so).

Because it is not absolutely clear Plaintiff could not cure the First Amended Complaint's deficiencies by amendment, the Court will give her the opportunity to do so.

*See Jackson*, 749 F.3d at 767; *see also Lopez*, 203 F.3d at 1130 (holding a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint (quoting *Balistreri*, 901 F.2d at 701)). The Court will dismiss the First Amended Complaint and grant Plaintiff leave to file a second amended complaint within thirty (30) days from the date of entry of this Order. *See* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires").

A second amended complaint supersedes the first amended complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the first amended complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. As such, the second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the first amended complaint by reference. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint should explain Plaintiff's case in a short and plain manner, with each cause of action accompanied by facts to satisfy the elements of the claims brought. *See* Fed. R. Civ. P. 8. In the event Plaintiff fails to timely file an amended complaint curing all deficiencies described above, Plaintiff is advised this case may be dismissed pursuant to 28 U.S.C. § 1915(e) or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8).

## IV. WARNINGS

### A. Address Changes

Plaintiffs must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiffs must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiffs fail to timely comply with every provision of this Order, including these

warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (noting a district court may dismiss an action for failure to comply with any order of the Court).

## V. CONCLUSION

**IT IS ORDERED** Plaintiffs' First Amended Complaint (Doc. 16) is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**. Plaintiffs may file a second amended complaint within **thirty (30) days** of the date this Order is filed. If Plaintiffs fail to file a second amended complaint within 30 days, the Clerk of Court must, without further order of the Court, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

Dated this 10th day of August, 2026.

Honorable Scott H. Rash
United States District Judge